| | |
|---|---|
| NIALL P. McCARTHY (SBN 160175)<br>nmccarthy@cpmlegal.com<br>JUSTIN T. BERGER (SBN 250346)<br>jberger@cpmlegal.com<br>**COTCHETT, PITRE &**<br>    **McCARTHY, LLP**<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Telephone:     (650) 697-6000<br>Facsimile:      (650) 692-3606<br><br>GARY KLEIN<br>(admitted *pro hac vice*)<br>klein@roddykleinryan.com<br>SHENNAN KAVANAGH<br>(admitted *pro hac vice*)<br>kavanagh@roddykleinryan.com<br>KEVIN COSTELLO<br>(admitted *pro hac vice*)<br>costello@roddykleinryan.com<br>**RODDY KLEIN & RYAN**<br>727 Atlantic Avenue<br>Boston, MA 02111-2810<br>Telephone:     (617) 357-5500<br>Facsimile:      (617) 357-5030<br><br>*Attorneys for Plaintiffs* | LAURA A. STOLL (SBN 255023)<br>lstoll@goodwinprocter.com<br>SHANNA M. RAMSOWER<br>(SBN 272430)<br>sramsower@goodwinprocter.com<br>**GOODWIN PROCTER LLP**<br>601 S. Figueroa Street, 41st Floor<br>Los Angeles, California 90017<br>Telephone: (213) 426-2500<br>Facsimile: (213) 623-1673<br><br>JAMES W. McGARRY<br>(admitted *pro hac vice*)<br>jmcgarry@goodwinprocter.com<br>BROOK L. AMES<br>(admitted *pro hac vice*)<br>bames@goodwinprocter.com<br>**GOODWIN PROCTER LLP**<br>Exchange Place<br>53 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br><br><br><br><br><br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA CAMPUSANO**, an individual;<br>**NATHANIEL PERRONE**, an individual;<br>**EMILY PERRONE**, an individual;<br>**PATSY VAUGHN**, an individual;<br>**WILLIAM ROBERSON**, an individual;<br>**CHRISTINA PEREZ**, an individual;<br>**CRAIG IDEN**, an individual;<br>**RITA JACKSON**, an individual; and<br>**TERRI KWAKE**, an individual;<br>on behalf of themselves and all similarly situated individuals,<br><br>        Plaintiffs,<br><br>   v.<br><br>**BAC HOME LOANS SERVICING, LP**;<br>and **BANK OF AMERICA, N.A.**,<br><br>        Defendants. | Case No. 2:11-CV-04609-AHM (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. A. Howard Matz |

**STIPULATED PROTECTIVE ORDER**
Case No. 2:11-cv-04609-AHM (JCx)

1  This Stipulated Protective Order ("Protective Order") is entered into by the
2  parties to the above-captioned action (the "Action").
3  　　　The Protective Order is intended to protect from disclosure documents and
4  information the parties deem to be confidential.  Documents and information so
5  designated may only be disclosed or used as further provided herein.  Pursuant to
6  Rule 26(c) of the Federal Rules of Civil Procedure and the guidelines set forth in
7  the Court's Order re: Protective Orders and Treatment of Confidential
8  Information, it is hereby stipulated and agreed by and between all parties to this
9  Action, through their respective counsel and subject to the approval of this Court,
10 that this Protective Order be entered in this Action.
11 STIPULATED, AGREED, AND ORDERED:
12 　　　1.　Any party in this Action or any third party to whom a subpoena is
13 issued in this Action ("Producing Party") shall have the right to designate any
14 material (including, but not limited to, exhibits, documents and things produced
15 by any party or witness, answers to interrogatories, responses to requests for
16 admissions, responses to requests for production, declarations, affidavits, and
17 deposition testimony or transcripts, including the information contained therein
18 whether in note or summary form) as confidential if the material contains
19 information that is proprietary or sensitive to the Producing Party and is not
20 otherwise in the public domain.  As used herein, documents and other information
21 so designated, including without limitation any extracts or summaries of such
22 documents and other information, shall be referred to as "Confidential
23 Information."  Any use of any such Confidential Information shall be covered by
24 the provisions of this Protective Order.
25 　　　2.　A Producing Party may designate documents containing information
26 deemed confidential by that party as Confidential Information by stamping or
27 otherwise clearly marking the same "CONFIDENTIAL," or by otherwise
28 notifying the parties to the Action that materials are to be treated as Confidential

Information. "Confidential Information" shall be those items designated under paragraph 1 and any notes, work papers or other documents containing confidential information from such items. By designating information as Confidential, the parties and their counsel represent that they have a good faith belief that the information contains confidential commercial or financial information, trade secrets as defined in California Civil Code Section 3426.1[1], personal information, or other confidential information entitled to a protective order under Federal Rule of Civil Procedure 26(c).

3. A Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the portion of the transcript and to clearly mark the front of the separately bound volume with the designation "CONFIDENTIAL." During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

4. Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action and any related action transferred to the above-captioned Action. A Receiving Party shall not use Confidential Information for any other litigation, or for any business

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

**STIPULATED PROTECTIVE ORDER**  2
Case No. 2:11-cv-04609-AHM (JCx)

or other purpose whatsoever.  Notwithstanding this provision, the Producing Party may make use of its own Confidential Information in any way it deems fit.

    5.    Confidential Information shall not be disclosed to any person except:

    (i)    the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned Action;

    (ii)    outside counsel of record for the parties to this Action, and employees of their respective firms;

    (iii)    the Court and its support personnel, subject to a Motion for Impoundment filed pursuant to paragraph 7 of this Protective Order;

    (iv)    a deponent or witness who is a party, or an officer, director, partner, attorney, employee or agent of the Producing Party;

    (v)    copying or imaging services or court reporters associated with or retained by a party in connection with this Action;

    (vi)    any experts or professional consultants and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this Action, and who are retained solely for the purpose of assisting in the prosecution of this Action ("Outside Experts"); and

    (vii)    any other person agreed to by the parties.

    6.    Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached as Exhibit A hereto.  The original of each such signed undertaking shall be maintained by the party retaining the outside expert.

    7.    Documents may not be filed under seal automatically and under seal filings must comply with Local Rule 79-5.  In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party shall move to have such pleading, motion, or other paper impounded by the Clerk pursuant to the terms and requirements of Local Rule 79-5.  Any Confidential Information contained in documents thereby impounded shall be held *in camera* unless the Court orders otherwise, upon good cause shown. If a party

does file such evidence under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential.

8.  A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

9.  A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

10.  In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) calendar days of receipt of such subpoena, court order, or request.  Such notification must include a copy of the subpoena, court order, or other form of request.  The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued.

11.  In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure.  Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

12. Within sixty (60) business days after conclusion of this Action and any appeal thereof, any Confidential Information or documents containing Confidential Information shall be returned to the Producing Party or destroyed, at the option of the Producing Party. If such documents and information are destroyed rather than returned, counsel for any Receiving Party must confirm destruction of the documents and information in writing to the Producing Party. As far as the provisions of this or any other protective orders entered in this Action restrict the use of Confidential Information, such protective orders shall continue to be binding after the conclusion of this Action.

13. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

14. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

15. This Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information. If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge. The Producing Party will have 7 days to respond in writing. The parties shall attempt to further resolve any such dispute pursuant to the procedure

1  set forth in Local Rule 37-1. If the parties cannot resolve a dispute, the Producing
2  Party will bear the burden of filing any motion with the Court, within 14 days of
3  the conclusion of the Local Rule 37-1 conference(s). Pending resolution by the
4  parties or by the Court regarding a dispute over a confidentiality designation, the
5  Confidential Information will continue to be treated as such. The burden to
6  demonstrate the propriety of any Confidential designation shall be on the party
7  making such designation.
8       16.   If a party inadvertently produces or provides discovery that it believes
9  is protected from discovery by any privilege or immunity, the Producing Party
10 may give written notice to the Receiving Party or Parties that the material is
11 privileged or immune from discovery, stating the grounds for such privilege or
12 immunity, and request that the material be returned to the Producing Party.
13 Immediately upon receiving such notice, the Receiving Party or Parties shall make
14 no further use of the alleged privileged documents, and shall immediately
15 segregate them in a manner that will prevent further disclosure or dissemination or
16 their contents.  Within five (5) business days of receiving such notice, the
17 Receiving Party shall return to the Producing Party such material and all copies
18 thereof, provided that the Receiving Party may thereafter move the Court for an
19 order that the material in question is not protected from discovery by the asserted
20 privilege or immunity.  The inadvertent disclosure of any documents or
21 information protected by any privilege or immunity is not and will not be
22 construed as a general or specific waiver of any such privilege or immunity.
23 / / /
24 / / /
25 / / /
26
27
28

**STIPULATED PROTECTIVE ORDER**
Case No. 2:11-cv-04609-AHM (JCx)

6

17. The parties hereby agree to abide by the terms of this Protective Order until such time as this or other protective order is entered by the Court.

SO ORDERED, on this, the **4th** day of November, 2011.

_____
HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2011

| AGREED AND APPROVED BY: | AGREED AND APPROVED BY: |
|---|---|
| BAC HOME LOANS SERVICING, LP and BANK OF AMERICA, N.A., | MARIA CAMPUSANO, *et al.* |
| Defendants, | Plaintiffs, |
| By their attorneys: | By their attorneys: |
| */s/ James W. McGarry* | */s/ Shennan Kavanagh* |
| James W. McGarry (admitted *pro hac vice*) | Gary Klein (admitted *pro hac vice*) |
| Brook L. Ames (admitted *pro hac vice*) | Shennan Kavanagh (admitted *pro hac vice*) |
| GOODWIN PROCTER LLP | Kevin Costello (admitted *pro hac vice*) |
| Exchange Place | RODDY KLEIN & RYAN |
| 53 State Street | 727 Atlantic Avenue, 2nd Floor |
| Boston, Massachusetts 02109 | Boston, MA 02111 |
| Telephone: (617) 570-1000 | Telephone: (617) 357-5500 |
| Facsimile: (617) 523-1231 | Facsimile: (617) 357-5030 |
| Email: jmcgarry@goodwinprocter.com    bames@goodwinprocter.com | Email: klein@roddykleinryan.com    kavanagh@roddykleinryan.com    costello@roddykleinryan.com |

**STIPULATED PROTECTIVE ORDER**
Case No. 2:11-cv-04609-AHM (JCx)

7

| | | |
|---|---|---|
| 1 | By their attorneys: | By their attorneys: |
| 2 | | |
| 3 | */s/ Laura A. Stoll* | */s/ Niall P. McCarthy* |
| | Laura A. Stoll (SBN 255023) | Niall P. McCarthy (SBN 160175) |
| 4 | Shanna M. Ramsower (SBN 272430) | Justin T. Berger (SBN 250346) |
| 5 | GOODWIN PROCTER LLP | COTCHETT, PITRE & MCCARTHY, LLP |
| 6 | 601 S. Figueroa Street, 41st Floor | |
| | Los Angeles, California 90017 | San Francisco Airport Office Center |
| 7 | Telephone: (213) 426-2500 | 840 Malcolm Road |
| | Facsimile: (213) 623-1673 | Burlingame, CA 94010 |
| 8 | Email: lstoll@goodwinprocter.com | Telephone: (650) 697-6000 |
| 9 | sramsower@goodwinprocter.com | Facsimile: (650) 692-3606 |
| | | Email: nmccarthy@cpmlegal.com |
| 10 | | jberger@cpmlegal.com |

**STIPULATED PROTECTIVE ORDER**
Case No. 2:11-cv-04609-AHM (JCx)

8

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA CAMPUSANO**, an individual; **NATHANIEL PERRONE**, an individual; **EMILY PERRONE**, an individual; **PATSY VAUGHN**, an individual; **WILLIAM ROBERSON**, an individual; **CHRISTINA PEREZ**, an individual; **CRAIG IDEN**, an individual; **RITA JACKSON**, an individual; and **TERRI KWAKE**, an individual; on behalf of themselves and all similarly situated individuals,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**BAC HOME LOANS SERVICING, LP**; and **BANK OF AMERICA, N.A.**,<br><br>                    Defendants. | Case No. 2:11-CV-04609-AHM (JCx)<br><br>**UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge: Hon. A. Howard Matz |

**STIPULATED PROTECTIVE ORDER**
Case No. 2:11-cv-04609-AHM (JCx)

9

# UNDERTAKING AND CONSENT
# TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, do depose and state as follows:

1.  My address is _____.  My current employer is _____.  My current occupation is _____.

2.  I have received a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned Action, and I have carefully read and understand the provisions of the Protective Order.  I will comply with all the provisions of the Protective Order.  I will hold any information designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this Action only.

3.  Promptly upon termination of this Action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained.

4.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

    Signed under the pains and penalties of perjury, this ___day of _____, 20__.

_____    _____
Signature                                 Printed Name