1   JAMES W. McGARRY  (*Pro Hac Vice*)
    *jmcgarry@goodwinprocter.com*
2   BROOK L. AMES  (*Pro Hac Vice*)
    *bames@goodwinprocter.com*
3   **GOODWIN PROCTER** LLP
    53 State Street
4   Boston, MA 02109-2802
    Tel.:  617.570.1000
5   Fax:  617.523.1231

6   LAURA A. STOLL (255023)
    *lstoll@goodwinprocter.com*
7   SHANNA M. RAMSOWER (SBN 272430)
    *sramsower@goodwinprocter.com*
8   **GOODWIN PROCTER** LLP
    601 S. Figueroa Street, 41st Floor
9   Los Angeles, CA  90017
    Tel.:  213.426.2500
10  Fax:  213.623.1673

11  Attorneys for Defendant
    *Bank of America, N.A.* for itself
12  and as successor by merger to
    *BAC Home Loans Servicing, LP*

13

14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16                   **WESTERN DIVISION**

17

| | |
|---|---|
| 18  MARIA CAMPUSANO, an individual; NATHANIEL PERRONE, an individual; EMILY PERRONE, an individual; PATSY VAUGHN, an individual; WILLIAM ROBERTSON, an individual; CHRISTINA PEREZ, an individual; CRAIG IDEN, an individual; RITA JACKSON, an individual; and TERRI KWAKE, an individual; on behalf of themselves and all similarly situated individuals, <br><br>                 Plaintiffs, <br><br>          v. <br><br> BAC HOME LOANS SERVICING, LP; and BANK OF AMERICA, N.A., <br><br>                 Defendants. | Case No. 2:11-cv-04609-AHM-JC <br><br> **NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE, OF BANK OF AMERICA, N.A., FOR ITSELF AND AS SUCCESSOR BY MERGER TO BAC HOMES LOANS SERVICING, LP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    January 23, 2012 <br> Time:    10:00 a.m. <br> Ctrm:    14 <br> Judge:  Hon. A. Howard Matz |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................ii-iii

NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE .......... iv

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

INTRODUCTION..................................................................................................1

FACTUAL BACKGROUND ................................................................................2

ARGUMENT ........................................................................................................3

I.   Legal Standards..........................................................................................3

    A.   Motion to Dismiss Standard ..................................................3

    B.   Motion to Strike Standard ......................................................3

II.  Non-Resident Plaintiffs Do Not Have Standing Under the UCL Without Any Factual Allegations that Wrongful Acts or Harm Occurred in California ....................................................................................................4

    A.   California Law Presumes that the UCL Does Not Apply to Non-Residents..................................................................................4

    B.   Non-Resident Plaintiffs Have Not Alleged Any Wrongful Acts or Harm That Occurred in California .......................................5

III. California Law Cannot Constitutionally Apply To The Non-Resident Plaintiffs' UCL Claims...............................................................................9

    A.   California's UCL Materially Conflicts with Other States' Consumer Protection Laws. ...................................................10

    B.   California Has Insufficient Contacts To The Non-California Residents' Claims To Justify Applying The UCL. ............................11

    C.   Applying California Law To The Claims Of Non-Residents Would Be Arbitrary And Unfair Because The Parties Expected The Law Of The State Where The Property Subject To The Loan Is Located To Apply To Any Disputes. ..................................12

CONCLUSION ...................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 U.S. Dist. LEXIS 12715 (S.D. Cal. Feb. 22, 2007)................................................................. 11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................... 3

*Churchill Village, LLC v. Gen'l Elec. Co.*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000) . 9

*Eisen v. Carlise & Jacquelin*, 417 U.S. 156 (1974)...................................... 4

*Henry v. Allstate Insurance Co.*, No. 07-1738, 2007 U.S. Dist. LEXIS 57822 (E.D. La. August 8, 2007) .............................................................................. 4

*In re Hitachi Television Optical Block Cases*, No. 08cv1746 DMS (NLS), 2011 U.S. Dist. LEXIS 135 (S.D. Cal., Jan. 3, 2011) ........................................... 10

*Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 U.S. Dist. LEXIS 99930 (N.D. Cal. Sept. 10, 2010) .............. 7

*In re HP Inkjet Printer Litig.*, No. 05-3580-JF, 2008 U.S. Dist. LEXIS 56979 (N.D. Cal. July 25, 2008)................................................................................ 10

*Jones-Boyle v. Wash. Mut. Bank, F.A.*, No. CV 08-02142 JF (PVT), 2010 U.S. Dist. LEXIS 78208 (C.D. Cal. July 7, 2010) ............................................ 6, 7

*Kaui Scuba Ctr., Inc. v. Padi Ams., Inc.*, 2011 U.S. Dist. LEXIS 75704 (C.D. Cal. July 13, 2011)........................................................................................ 8

*Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 27, 2007)........................................................... 3

*Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, No. C 04-2000 CW, 2007 U.S. Dist. LEXIS 22556 (N.D. Cal. Mar. 14, 2007) ................................................ 7

*Northwest Mortg. Inc. v. Sup. Ct.*, 72 Cal. App. 4th 214 (1999) ........................... 4, 5

*Phillips Petroleum Co. v. ShuttS*, 472 U.S. 797 (1985)................................ 10, 11, 12

*Priyano v. M/S Amsterdam*, No. CV 07-3811 AHM (JTLx), 2009 U.S. Dist. LEXIS 7843 (C.D. Cal. Jan. 23, 2009) .............................................................. 5

*Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009).................................. 4

*Speyer v. Avis Rent-a-Car System¸ Inc.*, 415 F. Supp. 2d 1090 (S.D. Cal. 2005) ...... 5

*Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141 (C.D. Cal. 2005).................................................................................. 5, 11

ii

*Steckman v. Hart Brewing Inc.*, 143 F.3d 1293 (9th Cir.1998) .................................. 8

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) ................................................... 4, 6

*Tidenberg v. Bidz.com, Inc.*, No. 08-5553 PSG(FMOx), 2009 U.S. Dist. LEXIS 21916 (C.D. Cal. March 4, 2009) .................................................................. *passim*

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ............................................ 12

*Utility Consumers' Action Network v. Sprint Solutions, Inc.*, 259 F.R.D. 484 (S.D. Cal. 2009) ...................................................................................................... 11, 12

*W. Mining Council v. Watt*, 643 F. 2d 618 (9th Cir. 1981) ........................................ 3

*Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057 (C.D. Cal. 2001).. 3, 8

*Wilder v. JP Morgan Chase Bank,* No. SACV 09-0834 DOC (RNBx), 2009 U.S. Dist. LEXIS 124242 (C.D. Cal. Nov. 25, 2009) ...................................................... 5

**Statutes and Rules**

Cal. Bus. & Prof. Code § 17200 *et. seq.* ..................................................................... 1

Fed. R. Civ. P. 5.2 .................................................................................................... 12

Fed. R. Civ. P. 12 .................................................................................................... 3, 4

Fed. R. Civ. P. 23 ....................................................................................................... 4

**<u>NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE</u>**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on January 23, 2012, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 14 of the United States District Court located at 312 N. Spring Street, Los Angeles, CA 90012, defendant Bank of America, N.A. ("Bank of America"), for itself and as successor by merger to BAC Home Loans Servicing, LP ("BAC"), will, and hereby does, move this Court for an order dismissing Count III of the Second Amended Complaint ("SAC")[1] filed by plaintiffs Maria Campusano, Nathaniel Perrone and Emily Perrone, Patsy Vaughn, William Robertson, Christina Perez, Craig Iden, Rita Jackson and Terri Kwake (collectively, "Plaintiffs") to the extent Plaintiffs seek to bring a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.* ("UCL") on behalf of non-California residents. In the alternative, Bank of America seeks an order striking the allegations on behalf of the non-California resident Plaintiffs and putative class members with respect to Count III. This motion is made following the conference of counsel pursuant to L.R. 7-3 and this Court's June 1, 2011 Order, which took place on November 22, 2011.

In this lawsuit, Plaintiffs assert a claim under the UCL on behalf of a "nationwide class." SAC, ¶ 366; *see also id.*, ¶ 336 (defining nationwide class). However "the UCL does not apply to actions occurring outside of California that injure non-residents." *Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005). Because Plaintiffs have failed to allege some injury, or at least some allegedly wrongful acts, that occurred in California, the non-California resident Plaintiffs and putative class members do not have standing to sue under the UCL. *See Tidenberg v. Bidz.com, Inc.*, No. 08-5553 PSG(FMOx), 2009 U.S. Dist. LEXIS 21916, at **11-12 (C.D. Cal. March 4, 2009)

---

[1]   Pursuant to Section I of this Court's June 1, 2011 Order, a copy of the SAC with exhibits is attached hereto as Exhibit A.

1  (rejecting any "presumption" that non-resident plaintiffs can bring suit under UCL

2  against company with place of business within California).  This Court therefore

3  should dismiss Count III to the extent it is brought on behalf of non-California

4  Plaintiffs.[2]  In the alternative, this Court should strike the allegations concerning

5  non-California resident Plaintiffs and putative class members with respect to Count

6  III – specifically, page 69, lines 23-24 ("by all Plaintiffs on behalf of a nationwide

7  class"); page 71, lines 1-2 ("to the Plaintiffs, the general public, and the members of

8  the class"); page 71, lines 4-5 ("at the expense of Plaintiffs and the Class and should

9  be required to make restitution to the Plaintiffs, the general public and the members

10  of the Class") of the SAC – as legally deficient.  *See* Fed. R. Civ. P. 23(d)(4)

11  (empowering courts to strike class allegations).

12       PLEASE TAKE FURTHER NOTICE that the Court will decide this motion

13  based upon this notice, the memorandum in support of this Motion and Request for

14  Judicial Notice which are filed concurrently herewith, the complete file and records

15  of this action, and such other oral and documentary evidence which the court allows

16  for presentation at the time of hearing.

17

18

19

20

21

22

23

24

25

26

27  [2]  As discussed in the Memorandum below, these non-California resident Plaintiffs

28  are Maria Campusano, Nathaniel Perrone and Emily Perrone, Patsy Vaughn, William Robertson, Christina Perez, Rita Jackson and Terri Kwake.

1     Dated:   November 28, 2011          Respectfully submitted,

2

3                                     By:  /s/ Laura A. Stoll
                                         JAMES W. McGARRY  (*Pro Hac Vice*)

4                                          *jmcgarry@goodwinprocter.com*
                                         BROOK L. AMES  (*Pro Hac Vice*)

5                                          *bames@goodwinprocter.com*
                                         LAURA A. STOLL

6                                          *lstoll@goodwinprocter.com*
                                         SHANNA M. RAMSOWER

7                                          *sramsower@goodwinprocter.com*
                                         **GOODWIN PROCTER** LLP

8                                          *Bank of America, N.A.* for itself and as
                                         successor by merger to *BAC Home*

9                                          *Loans Servicing, LP*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Bank of America, N.A. ("BANA"), for itself and as successor by merger to BAC Home Loans Servicing, LP ("BAC") (collectively, "Bank of America"), respectfully submits this Memorandum of Law in support of its Motion to Dismiss, or in the alternative, Motion to Strike.

**INTRODUCTION**

The Court should dismiss Count III as to Plaintiffs Maria Campusano, Nathaniel Perrone and Emily Perrone, Patsy Vaughn, William Robertson, Christina Perez, Rita Jackson and Terri Kwake (the "Non-Resident Plaintiffs"), and to the extent that Plaintiffs seek to bring a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.* ("UCL") on behalf of a class of non-California residents, as the Second Amended Complaint ("SAC") offers no facts that would support a UCL claim. In order to state a claim under the UCL on behalf of non-California residents, Plaintiffs must allege some injury, or at least some allegedly wrongful acts, that occurred in California. *See Tidenberg v. Bidz.com, Inc.*, No. 08-5553 PSG(FMOx), 2009 U.S. Dist. LEXIS 21916, at **11-12 (C.D. Cal. March 4, 2009). Although Plaintiff Craig Iden alleges he is a California resident and therefore claims to have suffered injury in California, the Non-Resident Plaintiffs have offered no such allegations, either for themselves or on behalf of other non-California residents.

The SAC does not allege that any harm to the Non-Resident Plaintiffs or non-California residents occurred within California. Nor does the SAC provide anything beyond mere conclusory allegations that Bank of America's supposedly improper actions occurred in California. In fact, the SAC demonstrates that any alleged conduct with respect to the Non-Resident Plaintiffs occurred *outside of California.* Accordingly, the Court should dismiss, with prejudice, Count III of the SAC as to the Non-Resident Plaintiffs and to the extent Plaintiffs seek to bring a claim on

behalf of non-California residents under the UCL.  In the alternative, the Court should strike the allegations of the UCL claim with respect to the Non-Resident Plaintiffs and any other non-California residents.

### **FACTUAL BACKGROUND**[3]

Plaintiffs bring this putative class action alleging that Bank of America failed to honor certain modification agreements for their mortgage loans.  *See*, *e.g.*, SAC, ¶ 1.  Plaintiffs assert a claim under the UCL on behalf of a "nationwide class." SAC, ¶ 366; *see also id.*, ¶ 336 (defining nationwide class).  Of the Plaintiffs, only Craig Iden alleges that he lives in California, with the remaining Non-Resident Plaintiffs residing outside of California.  *See id.*, ¶¶ 15-21.  Despite including nearly 388 paragraphs in their SAC, however, Plaintiffs have not alleged any *facts* with respect to the alleged loan modifications for the Non-Resident Plaintiffs or any non-California residents that have a connection to California.

The SAC contains only minimal and conclusory allegations as to any California actions.  Specifically, Plaintiffs allege only that BAC is "located" in California (*see* SAC, ¶ 12), and that the alleged conduct occurred in California "by virtue of the centralized business practices of Defendants or was based in policies and procedures that originated from Defendants' home offices in California."  *See* SAC, ¶ 366.  In other words, Plaintiffs allege no more than that BAC was based in California.  That is the extent of Plaintiffs' allegations as to California activity with respect to the non-resident Plaintiffs and putative class members.  It is not enough to survive this motion.

//

//

---

[3]  For the purposes of this Motion only, Bank of America assumes all factual allegations contained in the Complaint to be true.  Bank of America reserves the right to challenge the accuracy of any and all of Plaintiffs' factual allegations at later stages of the proceedings.

**ARGUMENT**

**I.  LEGAL STANDARDS**

    **A.  Motion to Dismiss Standard**

A complaint (or any cause of action alleged therein) must be dismissed where it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). This standard is met where a plaintiff's complaint fails to allege sufficient facts which, if true, would provide adequate grounds for his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). A complaint containing "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Id*. at 555. Rather, plaintiffs must present "sufficient factual matter" to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. As such, the Federal Rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Moreover, "the court need not accept as true allegations that are contradicted by documents referenced in the complaint." *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1070 (C.D. Cal. 2001) (citing *W. Mining Council v. Watt*, 643 F. 2d 618, 624 (9th Cir. 1981)).

    **B.  Motion to Strike Standard**

Pursuant to Fed. R. Civ. P. 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike under Fed. R. Civ. P. 12(f) are a well-recognized means of weeding out legally-inadequate class claims early in the case, such as Plaintiffs' claims on behalf of non-California residents here. *See*, *e.g.*, *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 U.S. Dist. LEXIS 55519, at \*\*5-6, 16 (N.D. Cal. July 27, 2007)

3

1    (granting motion to strike plaintiffs' allegations of equitable tolling for putative

2    class members); *Henry v. Allstate Insurance Co.*, No. 07-1738, 2007 U.S. Dist.

3    LEXIS 57822, at **9-11 (E.D. La. August 8, 2007) (striking class claims that, on

4    their face, could not meet Rule 23(b)(3)'s predominance requirement).  Where "the

5    complaint demonstrates that a class action cannot be maintained on the facts alleged,

6    a defendant may move to strike class allegations prior to discovery."  *Sanders v.*

7    *Apple, Inc.,* 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *see also Eisen v. Carlise &*

8    *Jacquelin*, 417 U.S. 156, 184 n.6 (1974) (stating that under Rule 23(d)(4), trial court

9    may "require that pleadings be amended to eliminate class allegations").

10        Application of these standards here requires that the Court dismiss the UCL

11   claim of the non-California residents, or in the alternative strike the allegations on

12   behalf of non-California residents with respect to the UCL claim because they lack

13   standing to assert a UCL claim.

14   **II.    NON-RESIDENT PLAINTIFFS DO NOT HAVE STANDING UNDER**

15         **THE UCL WITHOUT ANY FACTUAL ALLEGATIONS THAT**

16         **WRONGFUL ACTS OR HARM OCCURRED IN CALIFORNIA.**

17       **A.    California Law Presumes that the UCL Does Not Apply to Non-**
            **Residents.**

18

19        Under California law, there is a well-established presumption that the

20   California legislature "did not intend the statutes of [California] to have force or

21   operation beyond the boundaries of" California.   *Norwest Mortg. Inc. v. Sup. Ct.*, 72

22   Cal. App. 4th 214, 222 (1999).  Indeed, the California Supreme Court recently

23   stressed "the presumption against extraterritoriality applies to the UCL in full

24   force." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011).  Thus, as a

25   baseline, the Non-Resident Plaintiffs and the non-California residents they seek to

26   represent must overcome the presumption that the UCL does not apply to their

27   claims.

28

**B.** **Non-Resident Plaintiffs Have Not Alleged Any Wrongful Acts or Harm That Occurred in California.**

Given this presumption, there is little surprise that California courts have clearly stated that the UCL does not regulate the claims of non-residents arising from conduct occurring outside of California. *See Tidenberg*, 2009 U.S. Dist. LEXIS 21916, at *10 ("[T]he UCL was neither designed or [sic] intended to regulate claims of non-residents arising from conduct occurring entirely outside of California."); *Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005) ("[T]he UCL does not apply to actions occurring outside of California that injure non-residents"); *Norwest Mortg. Inc.*, 72 Cal. App. 4th at 224 n.12 ("[T]he statute [does] not regulate out-of-state conduct causing out-of-state injury").[4]

When a plaintiff pursues UCL claims on behalf of non-residents, courts engage in a two-part inquiry to decide whether they may properly invoke the statute: (1) whether the purported injury occurred in California, and (2) whether the defendant's alleged misconduct occurred in California. *See Tidenberg*, 2009 U.S. Dist. LEXIS 21916, at *11. If non-California plaintiffs cannot establish at least one of these factors, they cannot proceed under the UCL. *See*, *e.g.*, *Wilder v. JP Morgan Chase Bank,* No. SACV 09-0834 DOC (RNBx), 2009 U.S. Dist. LEXIS 124242, at **16-18 (C.D. Cal. Nov. 25, 2009) (dismissing non-resident's UCL claim because plaintiff's injury was "presumably suffered" in the state where he lived and he did not allege otherwise, and because plaintiff did not allege a single action by defendant within the state of California); *Speyer v. Avis Rent-a-Car System¸ Inc.*, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005) (noting that UCL may not apply to non-resident plaintiff based on out-of-state conduct that did not cause injury in

---

[4]   Indeed, this Court has affirmed this principle as to claims made against defendants located outside of California. *See Priyano v. M/S Amsterdam*, No. CV 07-3811 AHM (JTLx), 2009 U.S. Dist. LEXIS 7843, at **14-16 (C.D. Cal. Jan. 23, 2009) (dismissing UCL claims made by non-California plaintiffs).

California).

Here, Plaintiffs have failed to offer any allegations that would allow either the Non-Resident Plaintiffs or any putative non-California resident class members to sue Bank of America under the UCL.  With respect to the first prong, it is clear that the injuries of non-residents, if any, did not occur in California.  Plaintiffs allege injury in the form of "lost money" and "wrongful foreclosure activity."  SAC, ¶ 372.  Such alleged injury (if at all), would have occurred in the state where the property securing the loan is located and where the non-California Plaintiff or putative class member resides.

With respect to the second prong, the SAC contains no factual allegations of wrongful acts committed by Bank of America in California.  Plaintiffs appear to premise their allegation that the conduct occurred in California solely based on the allegation that BAC is "located" in California.  *See* SAC, ¶ 12.   In an unsuccessful attempt to fit their claims within the ambit of the UCL, Plaintiffs make the conclusory allegation – unsupported by a single factual allegation – that the conduct occurred in California "by virtue of the centralized business practices of Defendants or was based in policies and procedures that originated from Defendants' home offices in California."  SAC, ¶ 366.  This bald allegation is insufficient to overcome the presumption against extraterritorial application of the UCL claims, as courts have repeatedly held that merely alleging that a defendant is headquartered in California does not give a non-California resident standing to assert a UCL claim. *See, e.g., Sullivan*, 51 Cal. 4th at 1208 (the UCL did not apply to non-California residents based on fact that defendant's decision to classify Instructors as exempt from overtime was made at defendant's headquarters in California); *Jones-Boyle v. Wash. Mut. Bank, F.A.*, No. CV 08-02142 JF (PVT), 2010 U.S. Dist. LEXIS 78208, at **30, 32 (C.D. Cal. July 7, 2010) (dismissing UCL claim based on allegation that defendant was headquartered in California); *Tidenberg*, 2009 U.S. Dist. LEXIS

21916, at **11-12 (plaintiff did not have standing to bring a UCL claim against a defendant whose headquarters were located in the state because "the Supreme Court has specifically admonished that the existence of personal jurisdiction over a defendant does not alone permit application of the forum law to the claims of nonresident plaintiffs").[5]

     *Tidenberg* is illustrative.  There, the District Court rejected an attempt to invoke the UCL based upon the California location of defendants' headquarters.  *See Tidenberg*, 2009 U.S. Dist. LEXIS 21916, at *11.  The plaintiff argued that, because the defendant's principal place of business was in California (a fact the defendant did not dispute), the Court could presume that any false and misleading statements emanated from California.  *See id.* at **11-12.  The Court disagreed, holding that the "bulk of authority counsels against" assuming a defendant's statements emanate from California just because it does business in California.  *Id.* at *12.  While Plaintiffs' allegation that BAC had offices in California may give rise to personal jurisdiction in this case, it alone "does not permit application of the forum law to the claims of nonresident plaintiffs."  *Id.*

     Similarly, in *Jones-Boyle v. Wash. Mut. Bank, F.A.*, a Maryland resident sought relief under the UCL against a defendant that was allegedly headquartered in California.  2010 U.S. Dist. LEXIS 78208, at *30.  There, the plaintiff's claim was based on a loan that was entered into in Maryland, and the property securing the loan was located in Maryland.  *See id.*  Because – like here – the plaintiff could not identify the specific activity of the defendant *in California* that caused her injury,

---

[5]  *See also Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 U.S. Dist. LEXIS 99930, at **22-23 (N.D. Cal. Sept. 10, 2010) (dismissing UCL claim where plaintiffs alleged employees outside of California made fraudulent statements at the direction of California-based employees); *Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, No. C 04-2000 CW, 2007 U.S. Dist. LEXIS 22556, at **29-30 (N.D. Cal. Mar. 14, 2007) (rejecting argument that "as long as a corporation has significant operations in California, [a party] may bring an unfair competition claim under section 17200 regardless of where the alleged unfair business practice occurred").

the Court dismissed her UCL claim. *Id.* at *32; *see also Wilder*, 2009 U.S. Dist. LEXIS 124242, at **17-18 (dismissing nonresident's UCL claims because allegations that defendant was a California company, and that another defendant had its main office in California, were insufficient to infer any actions by them in California absent allegations to the contrary).

This case presents an even stronger case for dismissal of the non-residents' claims than in *Tidenberg* and *Jones-Boyle*. First, Plaintiffs' own allegations contradict their conclusory allegation that the alleged conduct took place in California. Indeed, Plaintiffs allege that BANA, which is headquartered in *North Carolina*, "directs and controls the policies and conduct of its subsidiary, BAC Home Loans Servicing, Inc." SAC, ¶ 377. This allegation is directly contrary to the bald and factually unsupported allegation that BAC's activities were centralized in California or that policies and procedures originated from BAC's alleged offices in California. *See Kaui Scuba Ctr., Inc. v. Padi Ams., Inc.*, 2011 U.S. Dist. LEXIS 75704 (C.D. Cal. July 13, 2011) (dismissing claim where the court refused to consider allegations that were contradicted by others in the same complaint). Plaintiffs' contradictory allegations serve to underscore the inadequacy of their pleading.

Second, the exhibits attached to Plaintiffs' SAC belie the allegation that any of the alleged conduct with respect to non-California residents took place in California. *See Warren*, 171 F. Supp. 2d at 1070 ("[T]he court need not accept as true allegations that are contradicted by documents referenced in the complaint.") (citing *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998)). To the contrary, the exhibits show that the alleged conduct, if any, took place outside of California. For example, Plaintiff Vaughn is a non-California resident whose loan secures property located in Georgia. *See* SAC, ¶¶ 114-15. Exhibit 29 concerning Vaughn's alleged modification requests that documents be returned to Pittsburgh,

Pennsylvania, and Exhibit 30 includes instructions on making payments to Dallas, Texas.  *See* SAC, Exhs. 29-30.  Similarly, Plaintiff Jackson is a non-California resident whose loan is secured by property in Massachusetts.  SAC, ¶ 250-251. Exhibit 64 concerning Jackson's alleged modification requests that documents be returned to Pittsburgh, Pennsylvania, and Exhibits 65 and 66 includes instructions on making payments to Dallas, Texas and Wilmington, Delaware.  *See* SAC, Exhs. 64-66; *see also* SAC, Exhs. 48-49 (notices of intent to accelerate from BAC in Texas); Exh. 50 (instructing payments to be made to Wilmington, Delaware).

Plaintiffs' own documents regarding their alleged loan modifications – which they have voluntarily included with their pleadings – mandate the conclusion that they have not and cannot plead any wrongful activity arising out of California.   As such, Plaintiffs have failed to allege any facts that would allow the Non-Resident Plaintiffs or any other non-California resident to pursue a claim under the UCL, requiring dismissal of the Non-Resident Plaintiffs' UCL claims and the striking of any class allegations with respect to non-California resident class members.

## III.   CALIFORNIA LAW CANNOT CONSTITUTIONALLY APPLY TO THE NON-RESIDENT PLAINTIFFS' UCL CLAIMS

The claims of the Non-Resident Plaintiffs, as well as the claims made on behalf of absent non- California residents, cannot proceed under the UCL for the independent reason that the United States Constitution's Due Process and Full Faith and Credit clauses restrict the application of forum law to the claims of nonresident class plaintiffs.  *See Churchill Village, LLC v. Gen'l Elec. Co.*, 169 F. Supp. 2d 1119, 1126-27 (N.D. Cal. 2000) ("[B]eyond California's presumption against the extraterritorial application of its laws, a California court's adjudication of non-residents' claims that lack a nexus with California raises significant due process problems.").  As the Supreme Court held, when the law proposed by a putative class representative materially conflicts with the home-state law of another proposed class

member, the court must find that application of the proposed law would be allowed under due process in order for such a claim to proceed. *Phillips Petroleum Co. v. Shutts* ("*Phillips Petroleum*"), 472 U.S. 797, 821 (1985). Here, the claims on behalf of the Non-Resident Plaintiffs and any other non-California resident simply cannot survive this analysis.

### A.    California's UCL Materially Conflicts with Other States' Consumer Protection Laws.

The UCL materially and substantially conflicts with the consumer protection laws of other states, and so the UCL cannot be constitutionally applied to the non-California residents. Consumer protection laws vary significantly from state to state, leading to substantial conflicts between California's UCL and laws enacted in other states. *See*, *e.g.*, *In re Hitachi Television Optical Block Cases* ("*Hitachi*"), No. 08cv1746 DMS (NLS), 2011 U.S. Dist. LEXIS 135, at **16-17 (S.D. Cal., Jan. 3, 2011) (finding "material" conflicts between the UCL and other state consumer protection laws); *In re HP Inkjet Printer Litig.*, No. 05-3580-JF, 2008 U.S. Dist. LEXIS 56979, at **21-22 (N.D. Cal. July 25, 2008) (recognizing "substantial" conflicts between state consumer protection laws). For example, in *Hitachi*, the plaintiffs sought to certify a nationwide class in a case involving UCL claims. 2011 U.S. Dist. LEXIS 135, at **4, 14. The defendants argued that applying California's substantive law to the nationwide class proposed by plaintiffs would violate due process, because other states' unfair competition laws vary on issues such as reliance, burdens of proof, the availability of class actions, types of prohibited conduct, and available remedies. *Id.* at **14-17. The court agreed, holding that "there are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states." *Id.* at *17. Thus, the UCL materially conflicts with other states' laws under the first prong of the *Phillips Petroleum* test.

B.   **California Has Insufficient Contacts To The Non-California Residents' Claims To Justify Applying The UCL.**

Faced with these material conflicts, the UCL does not apply to the Non-Resident Plaintiffs unless California has "a significant contact or significant aggregation of contacts to the claims asserted by each member of the plaintiff class, contacts creating state interests, in order to ensure that the choice of [California] law is not arbitrary or unfair." *Phillips Petroleum*, 472 U.S. at 821-22 (internal quotations omitted).  Thus, "a non-resident plaintiff must allege that there is 'significant contact or a significant aggregation of contacts to the claims asserted by each member of the plaintiff class'" before he or she can avail themselves of California law.  *Tidenberg*, 2009 U.S. Dist. LEXIS 21916, at *12 (citing *Standfacts*, 405 F. Supp. 2d at 1147).  Indeed, several courts have rejected application of the UCL to non-residents under this very theory.  *See*, *e.g.*, *Utility Consumers' Action Network v. Sprint Solutions, Inc.*, 259 F.R.D. 484, 487 (S.D. Cal. 2009) (rejecting application of UCL to non-California residents under *Phillips Petroleum* standard); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 U.S. Dist. LEXIS 12715, at **30-32 (S.D. Cal. Feb. 22, 2007) (rejecting application of UCL to non-California plaintiffs on due process grounds given lack of contacts with California).

As discussed in Section II above, the Non-Resident Plaintiffs have failed to allege any contacts with California for themselves or any absent non-California class members beyond their general and conclusory allegations.  Such allegations, without more, cannot suffice to allege conduct occurring within California, and thus the Non-Resident Plaintiffs cannot maintain a claim under the UCL under due process.

**C.** **Applying California Law To The Claims Of Non-Residents Would Be Arbitrary And Unfair Because The Parties Expected The Law Of The State Where The Property Subject To The Loan Is Located To Apply To Any Disputes.**

Finally, Plaintiffs cannot feasibly argue that the Non-Resident Plaintiffs would expect California law to apply to their claims.   As the Supreme Court has stated, the expectation of the parties is an important element in determining the "fairness" of applying a state's law outside its borders.  *See Phillips Petroleum*, 472 U.S. at 822.  Rather, "[i]t is reasonable to assume that when non-California-residents [sic][enter] into contracts with the Defendants, they [avail] themselves of the laws of their states, the defendant's home states or the state that was designated in the contract, rather than California statutory law."  *Utility Consumers' Action Network*, 259 F.R.D. at 487.  Indeed, the mortgage agreements underlying the Plaintiffs' loans[6] specifically state that their terms "shall be governed by federal law . . . *and the law of the jurisdiction in which the property is located.*"  *See*, *e.g.*, Security Instrument for Non-Resident Plaintiff Rita Jackson at ¶ 16, attached as Exhibit 1 to the Request for Judicial Notice filed concurrently herewith.[7]  Here, too, reasonable parties would expect non-California law to apply to non-resident citizens' claims concerning transactions that were consummated outside of California, and involved loan secured by non-California property.  Since the Non-Resident Plaintiffs have offered no factual allegations to support any conclusion that they expected California law to apply to their claims, they cannot maintain a cause of action against Bank of America under the UCL.

//

//

---

[6]   The various mortgage agreements underlying each of Plaintiffs' loans contain identical choice of law language.

[7]   The Court may take judicial notice of the mortgage instruments given Plaintiffs' voluntary reference to the mortgages and loans in the SAC.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1

## **CONCLUSION**

2

For all the foregoing reasons, Bank of America respectfully requests that the

3

Court dismiss, with prejudice, that portion of Count III that seeks to state a claim for

4

the Non-Resident Plaintiffs or on behalf of absent non-California residents, or in the

5

alternative strike the class allegations concerning non-California residents with

6

respect to Count III.

7

Dated:   November 28, 2011                Respectfully submitted,

8

9

                  By: /s/ Laura A. Stoll
JAMES W. McGARRY  (*Pro Hac Vice*)

10

jmcgarry@goodwinprocter.com
BROOK L. AMES  (*Pro Hac Vice*)

11

bames@goodwinprocter.com
LAURA A. STOLL

12

lstoll@goodwinprocter.com
SHANNA M. RAMSOWER

13

sramsower@goodwinprocter.com
**GOODWIN PROCTER** LLP

14

*Bank of America, N.A.* for itself and as

15

successor by merger to *BAC Home
Loans Servicing, LP*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.  My business address is 601 South
3    Figueroa Street, 41st Floor, Los Angeles, California 90017.

4    On November 28, 2011, I served the following documents on the persons
below as follows:

5

6    **NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS, OR IN
THE ALTERNATIVE MOTION TO STRIKE, OF BANK OF AMERICA,
N.A., FOR ITSELF AND AS SUCCESSOR BY MERGER TO BAC HOMES
7    LOANS SERVICING, LP; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

8

9    Niall P. McCarthy                                    Counsel for Plaintiffs
Justin T. Berger                                     *Maria Campusano;*
10   **COTCHETT, PITRE &**                               *Nathaniel Perrone;*
**McCARTHY, LLP**                                    and *Emily Perrone,*
11   San Francisco Aiport Office Center                   Tel. 650.697.600
840 Malcolm Road                                     Fax. 650.691.3606
12   Burlingame, CA  94101                               nmccarthy@cpmlegal.com
jberger@cpmlegal.com
13
Gary Klein                                           Counsel for Plaintiffs
14   Shennan Kavanagh                                     *Maria Campusano;*
Kevin Costello                                       *Nathaniel Perrone;*
15   **RODDY KLEIN & RYAN**                               and *Emily Perrone,*
727 Atlantic Avenue                                  Tel. 617.357.5500
16   Boston, MA  02111                                   Fax. 617.357.5030
klein@roddykleinryan.com
17                                                        kavanagh@roddykleinryan.com
costello@roddykleinryan.com

18   ☐    (MAIL) I placed the envelope for collection and mailing, following our
19        ordinary business practices.  I am readily familiar with this firm's practice
for collecting and processing correspondence for mailing.  On the same day
20        that correspondence is placed for collection and mailing, it is deposited in
the ordinary course of business with the United States Postal Service, in a
21        sealed envelope with postage fully prepaid.  I am a resident or employed in
the county where the mailing occurred.  The envelope or package was
22        placed in the mail at Los Angeles, California.

23   ☐    (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly
maintained by Federal Express , an express service carrier, or delivered to a
24        courier or driver authorized by said express service carrier to receive
documents, a true copy  of the foregoing document in sealed envelopes or
25        packages designated by the express service carrier, addressed as stated
above, with fees for overnight delivery paid or provided for.

26

27

28

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on November 28, 2011, at Los Angeles, California.

| Laura A. Stoll | /s/ Laura A. Stoll |
|---|---|
| (Type or print name) | (Signature) |